UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Albert Ikechi,

       Plaintiff,

v.                                                    Civil No. 10-4554 (JNE/SER)
                                                        ORDER

Verizon Wireless,
Verizon Wireless Cable Communications, LLC,
Verizon Wireless Digital Voice,
Verizon Wireless Digital Phone,
Verizon Wireless Corporation,
Asurion Insurance Services, Inc.,
John Doe, et al.,

       Defendants.

Albert Ikechi brought this action in state court. After removing the action from state court, Verizon Wireless (VAW), LLC,[1] and Asurion Insurance Services, Inc., separately moved to dismiss. Later, Ikechi moved to remand and for judgment on the pleadings. Ikechi is pro se. The Court referred all motions to the magistrate judge pursuant to 28 U.S.C. § 636(b) (2006 & Supp. III 2009). Before the motions were heard, the Court dismissed all claims against Asurion Insurance Services with prejudice pursuant to a stipulation. A Report and Recommendation dated April 7, 2011, recommends that Verizon Wireless (VAW)'s motion to dismiss be granted in part and denied in part; that portions of the Complaint be stricken; that Ikechi's motion for judgment on the pleadings be denied; and that Ikechi's motion to remand be granted. Ikechi filed objections to the Report and Recommendation, and Verizon Wireless (VAW) responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review and subject to the following discussion, the Court accepts the recommendations to

---

[1] Verizon Wireless (VAW) asserts that it was incorrectly sued as the Verizon entities that appear in the caption. For present purposes, the Court assumes Verizon Wireless (VAW)'s assertion is true. The parties have not sought to correct the alleged misnomer.

1

dismiss certain counts of the Complaint, to strike portions of the Complaint, and to deny Ikechi's motion for judgment on the pleadings. The Court denies Ikechi's motion to remand. The Court allows the parties to submit supplemental memoranda that address whether to dismiss Counts III and X.

**I.      Subject matter jurisdiction**

Verizon Wireless (VAW) and Asurion Insurance Services removed the action from state court on the basis of jurisdiction conferred by 28 U.S.C. §§ 1331, 1332 (2006). Count I alleges violations of 42 U.S.C. §§ 1981, 1982 (2006). The Court has subject matter jurisdiction over this count pursuant to § 1331. The remaining counts appear to be part of the same case or controversy such that the Court has supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a) (2006) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Although a district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction," *id.* § 1367(c)(3), the Court, in the interest of judicial economy, exercises supplemental jurisdiction over Ikechi's state-law claims.[2] *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 598-99 (8th Cir. 2002) ("[A] court is not required to remand state law claims when the only federal claim has been dismissed. Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court."). To the extent Ikechi objected to the recommended dismissal of his state-law claims on the

---

[2]     As noted below, the Court accepts the recommendation to dismiss Count I. In the absence of diversity jurisdiction, the Court could remand the remaining counts to state court. Such a remand would not be for lack of subject matter jurisdiction. *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) ("A district court that remands supplemental claims is not remanding them for lack of subject matter jurisdiction . . . .").

ground that the Court lacked subject matter jurisdiction over them, the Court overrules the objection. The Court denies his motion to remand.

With respect to Verizon Wireless (VAW)'s assertion of diversity jurisdiction, the Court makes the following observations. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) (stating that a party that removes an action from state court bears the burden of establishing subject matter jurisdiction). In the Notice of Removal, Verizon Wireless (VAW) and Asurion Insurance Services stated that Ikechi is a citizen of Minnesota; that Verizon Wireless (VAW) "is formed under the laws of Delaware with its principal place of business in . . . New Jersey"; that Asurion Insurance Services is a Tennessee corporation whose principal place of business is in Tennessee; and that "[t]he amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs." Given the appearance of "LLC" in its name, Verizon Wireless (VAW) is apparently a limited liability company. *See* 6 Del. C. § 18-102. A database available on the Delaware Department of State's website indicates that Verizon Wireless (VAW) is a limited liability company. *Cf. Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (noting court consulted databases available on the Internet to ascertain jurisdictional details). For purposes of diversity jurisdiction, a limited liability company's citizenship is not determined according to § 1332(c)(1). *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Instead, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit*, 357 F.3d at 829. The record does not disclose the citizenship of Verizon Wireless (VAW)'s members.[3]

---

[3] Verizon Wireless (VAW)'s "corporate disclosure statement" [Docket No. 2] does not resolve the issue. *See, e.g.*, *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("And because a member of a limited liability company may itself have multiple

As to the amount in controversy, it appears that Ikechi admitted at the hearing before the magistrate judge that the amount in controversy does not exceed $75,000.  Verizon Wireless (VAW) did not appear to seriously contest Ikechi's concession.[4]  *Cf. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938) ("[I]f, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount."); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 548 (7th Cir. 2008) (noting that "the amount in controversy may be aggregated among the different defendants in certain circumstances"); *Lynch v. Porter*, 446 F.2d 225, 228 (8th Cir. 1971) ("Once claims have been properly aggregated and original jurisdiction has attached, dismissal of one claim does not leave those remaining, although for less [than] the jurisdictional amount, under the pendent jurisdiction of the court.  The remaining claim stays within the court's original diversity jurisdiction.").  *See generally* 14AA Charles Alan Wright et al., *Federal Practice and Procedure* § 3702.4 (2011).  In any case, the Court has subject matter jurisdiction over Count I pursuant to § 1331, and the Court has decided to exercise supplemental jurisdiction over the remaining claims pursuant to § 1367.  If Verizon Wireless (VAW) nevertheless persists in its assertion of

---

members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.").

[4]   The Court does not have a transcript of the hearing before the magistrate judge.  *See* D. Minn. LR 72.2(b) ("A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the District Judge otherwise directs.").

diversity jurisdiction, then it may address the issues noted above. *See* 28 U.S.C. § 1653 (2006); *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998).

## II. Count I

The Report and Recommendation recommends that Count I be dismissed to the extent it asserts a claim under § 1981 because "it contains indefinite, generalized allegations of discrimination rather than allegations of discriminatory interference with a contractual right as the statute prohibits." The Report and Recommendation notes that Ikechi "does not provide any explanation or support for" his claim under § 1982. The Court accepts the recommendation to dismiss Count I.

## III. Counts II, IV, V, VII, IX, and XII

Counts II, IV, and XII assert violations of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69 (2010).[5] Count V asserts a violation of Minnesota's false-statement-in-advertising statute, Minn. Stat. § 325F.67 (2010). Count VII is asserted under the Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44 (2010). Count IX is a claim for negligent misrepresentation.

The Report and Recommendation recommends that Counts II, IV, V, VII, and XII be dismissed because Ikechi did not plead them with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and also because he did not allege a public benefit, *see* Minn. Stat. § 8.31, subd. 3a (2010). The Court accepts the former reason. With regard to the latter, the magistrate judge stated that Ikechi had not satisfied the prevailing standard set forth in *Ly v. Nystrom*, 615 N.W.2d 302 (Minn. 2000), observing that his claims involve one-on-one transactions. In *Collins v. Minnesota School of Business, Inc.*, 655 N.W.2d 320, 329-30 (Minn.

---

[5] Count XII, titled "Common Law Fraud [MPCFA]," cites Minn. Stat. § 325F.69, subd. 1.


2003), the Minnesota Supreme Court interpreted the standard set forth in *Nystrom*. After *Collins*, a plaintiff might be able to show a public benefit, even if the number of injured persons is small, so long as the misrepresentation is widely disseminated. *See Davis v. U.S. Bancorp*, 383 F.3d 761, 768 (8th Cir. 2004). The Court need not reach the question of whether *Collins* requires a result different from the one recommended because the counts must be dismissed in any event for their failure to satisfy the particularity requirement of Rule 9(b).

The Report and Recommendation recommends that Count IX, a claim for negligent misrepresentation, be dismissed because Ikechi did not allege the claim with the particularity required by Rule 9(b) and because Ikechi did not assert that "Verizon intentionally made misleading or false statements." The Court accepts the recommendation to dismiss this claim because of the failure to plead it with particularity. The Court does not accept the recommendation to dismiss Count IX because of Ikechi's failure to plead intentional misstatements. *See Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 370 (Minn. 2009) (stating "a common-law negligent misrepresentation claim does not require a misrepresentation to be made intentionally or recklessly").[6]

## IV.   Count VI

The Report and Recommendation recommends that Ikechi's claim for intentional interference with contractual relations be dismissed. For the reasons set forth in the Report and Recommendation, the Court dismisses the claim.

---

[6]   The Report and Recommendation analyzes Count IX as a claim for common law fraud.

**V.      Counts VIII and XI**

The Report and Recommendation recommends that Ikechi's claims for conversion and extortion be dismissed. For the reasons set forth in the Report and Recommendation, the Court dismisses the claims.

**VI.     Counts III and X**

The Report and Recommendation recommends that Verizon Wireless (VAW)'s motion to dismiss be denied with respect to Ikechi's claims for breach of contract and unjust enrichment. Verizon Wireless (VAW) did not object to this recommendation. Nevertheless, the Court will consider further written argument on the issue of whether to dismiss Ikechi's claims for breach of contract and unjust enrichment.

**VII.    Conclusion**

Subject to the preceding discussion, the Court accepts the recommendation to dismiss all but Counts III and X of Ikechi's claims, to strike portions of Ikechi's complaint, and to deny Ikechi's motion for judgment on the pleadings. The Court denies Ikechi's motion to remand. The Court grants the parties leave to file supplemental memoranda of law that address the issue of whether to dismiss Counts III and X.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Verizon Wireless (VAW)'s motion to dismiss [Docket No. 5] is GRANTED IN PART.

2. Counts I, II, IV, V, VI, VII, VIII, IX, XI, and XII are DISMISSED.

3. Pages 4 through 10 of Docket No. 1-1 and paragraph XIX of Docket No. 1-1 are STRICKEN.

4. Ikechi's motion to remand [Docket No. 18] is DENIED.

5. Ikechi's motion for judgment on the pleadings [Docket No. 22] is DENIED.

6. Within seven days of the date of this Order, Verizon Wireless (VAW) may submit a memorandum of law and supporting materials that address whether to dismiss Counts III and X. Within fourteen days of the date of this Order, Ikechi may submit a memorandum of law and supporting materials in response. The memoranda of law shall comply with D. Minn. LR 7.1(f), and no memorandum may exceed 5000 words.

Dated: May 25, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge