UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Albert Ikechi,

        Plaintiff,

v.                                              Civil No. 10-4554 (JNE/SER)
                                              ORDER

Verizon Wireless,
Verizon Wireless Cable Communications, LLC,
Verizon Wireless Digital Voice,
Verizon Wireless Digital Phone,
Verizon Wireless Corporation,
Asurion Insurance Services, Inc.,
John Doe, et al.,

        Defendants.

The Court previously dismissed Plaintiff's claims against Asurion Insurance Services, Inc., pursuant to a stipulation and all but Counts III and X of Plaintiff's claims against Verizon Wireless (VAW), LLC.[1]  The Court allowed Plaintiff and Verizon Wireless (VAW) to submit supplemental memoranda of law that addressed whether to dismiss Counts III and X.  Having reviewed the supplemental memoranda of law and supporting materials, the Court dismisses Count X and part of Count III.

When ruling on a Rule 12(b)(6) motion, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff.  *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).  Where, as here, a plaintiff is pro se, the court liberally construes the complaint.  *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010).  The court "generally may not consider materials outside the pleadings," but "[i]t may . . . consider some public records, materials that do not contradict the complaint, or materials that are

---

[1] Verizon Wireless (VAW) asserts that it was incorrectly sued as the Verizon entities that appear in the caption.  For present purposes, the Court assumes Verizon Wireless (VAW)'s assertion is true.  The parties have not sought to correct the alleged misnomer.

1

'necessarily embraced by the pleadings.'" *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

*Count III*

Verizon Wireless (VAW) asserts that Count III, Plaintiff's claim for breach of contract, should be dismissed because Verizon Wireless (VAW) has not materially breached any provision of the contract between the parties. According to Verizon Wireless (VAW), "Plaintiff does not appear to claim that Verizon overcharged him for his usage of the phone. Rather, Plaintiff bases his breach of contract claim on the 'hidden fees' and an alleged failure to provide replacement equipment." Verizon Wireless (VAW) asserts that Plaintiff was informed of all charges he now contests, that he agreed to pay all access fees and charges in the service agreement, that he was provided all information regarding billing and charges in a calling plan brochure, that Plaintiff knew the identity of the insurer of his equipment, and that Verizon Wireless (VAW)'s attempts to collect disputed charges complied with the parties' agreement.

Plaintiff responds that Verizon Wireless (VAW) mischaracterized his claim. He claims that he "vehemently disputes all manner of charges that were unauthorized in addition to the fixed monthly access charges" and that he challenges Verizon Wireless (VAW)'s failure to replace two lost phones after notice of their loss. Plaintiff summarizes Verizon Wireless (VAW)'s alleged breaches as follows: "over-charge to the monthly fixed access fees; increases in taxes rate due to this over-charges; failure to replace lost/stolen telephone devices within 1-2 days; failure to resolve disputed charges within a reasonable time line, and disconnecting Plaintiff's services as intimidation to coerce payment over the disputed charges contrary to the Agreement's clause."

In support of their respective arguments, Verizon Wireless (VAW) and Plaintiff submitted documents that allegedly govern the relationship between them.  "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).  In light of the disputes raised by Plaintiff about the documents submitted by Verizon Wireless (VAW), the Court declines to consider those documents.  *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003) (stating that documents provided by the defendant were matters outside the pleadings where the plaintiff "alleged the existence of a contract, not a specific document, and the documents provided by [the defendant] were neither undisputed nor the sole basis for [the plaintiff's] complaint"); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (internal quotation marks omitted)).  The Court instead considers the documents submitted by Plaintiff.  *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) ("The two writings which [the defendant] offered at and after the hearing may be viewed as attachments to his [third-party] complaint, and as the contracts upon which his claim rests, they are evidently embraced by the pleadings.").

Plaintiff asserts a claim for breach of contract based on Verizon Wireless (VAW)'s alleged failure to replace his telephones within two days.  The documents submitted by Plaintiff state that "Total Equipment Coverage combines Verizon Wireless Extended Warranty and Asurion's Wireless Phone Protection," that "Asurion may fulfill claims with new, reconditioned or different equipment," that "Wireless Phone Protection [is] provided by Asurion Insurance Services, Inc.," that "Wireless Phone Protection provides protection should your device become

lost, stolen or damaged," that "[a]ny questions regarding the coverage provided should be directed to Asurion," that "[t]he Wireless Phone Protection program is underwritten by Liberty Mutual Insurance Company or one of its insurance company affiliates," that "[a]ll claims must be authorized by Asurion," and that "[t]he phone must be replaced by Asurion." Plaintiff cites a brochure that identifies Verizon Wireless Services, LLC, as the "entity financially and legally obligated to perform service," but the passage cited relates to the extended warranty, not the Wireless Phone Protection program under which Plaintiff claims his telephones should have been replaced. To the extent Plaintiff rests his claim for breach of contract on Verizon Wireless (VAW)'s alleged failure to replace his telephones, the Court dismisses the claim.[2]

Plaintiff's remaining allegations of breach of contract against Verizon Wireless (VAW) essentially dispute the amounts charged by Verizon Wireless (VAW). For instance, Plaintiff claims that Verizon Wireless (VAW) assessed charges without his authorization or consent, and continued to bill him for suspended lines. At this stage of the litigation, the Court concludes that Plaintiff sufficiently alleged a claim for breach of contract based on allegedly improper charges. *Cf. BJC Health Sys.*, 348 F.3d at 688-89.

### *Count X*

Verizon Wireless (VAW) asserts that Count X, Plaintiff's claim for unjust enrichment, should be dismissed because "it is undisputed that the parties' relationship is governed by an express contract." In light of this statement, the Court dismisses Plaintiff's claim for unjust enrichment. *See M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 880 (8th Cir. 2010) ("[The plaintiff] cannot maintain its unjust enrichment claim because 'equitable relief cannot be

---

[2]   Because they are matters outside the pleadings, the Court declines to consider Verizon Wireless (VAW)'s assertions regarding an insurance claim that Plaintiff allegedly filed in February 2010.

granted where the rights of the parties are governed by a valid contract.'" (quoting *U.S. Fire Ins. Co. v. Minn. State Zoological Bd.*, 307 N.W.2d 490, 497 (Minn. 1981))); *United Prairie Bank-Mountain Lake v. Haugen Nutrition & Equip., LLC*, 782 N.W.2d 263, 273 (Minn. Ct. App. 2010) (affirming dismissal of claim for unjust enrichment because proof of an express contract precludes recovery in quantum meruit).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. As to Verizon Wireless (VAW), Count III is DISMISSED insofar as Plaintiff alleges that Verizon Wireless (VAW) failed to replace his telephones.

2. As to Verizon Wireless (VAW), Count X is DISMISSED.

Dated: September 21, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
