UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kallys Albert,

       Plaintiff,

v.                                         Civil No. 10-4554 (JNE/SER)
                                         ORDER

Verizon Wireless,
Verizon Wireless Cable Communications, LLC,
Verizon Wireless Digital Voice,
Verizon Wireless Digital Phone,
Verizon Wireless Corporation,
Asurion Insurance Services, Inc.,
John Doe, et al.,

       Defendants.

The Court previously dismissed Plaintiff's claims against Asurion Insurance Services, Inc., pursuant to a stipulation and all but part of Count III of Plaintiff's claims against Verizon Wireless (VAW), LLC.[1]  Verizon Wireless (VAW) moved to dismiss the remaining claim against it and to compel arbitration.  In a Report and Recommendation dated July 6, 2012, the Honorable Steven E. Rau, United States Magistrate Judge, recommended that Verizon Wireless (VAW)'s motion be granted.  The magistrate judge also stated that Plaintiff's name in the caption should be amended to "Kallys Albert."  No objection has been filed.  The Court has conducted a de novo review of the record.  *See* D. Minn. LR 72.2(b).  Based on that review, the Court adopts the Report and Recommendation.  Accordingly, IT IS ORDERED THAT:

1.    The Clerk of Court shall change Plaintiff's name in the caption to "Kallys Albert."

2.    Verizon Wireless (VAW)'s Motion to Dismiss and Compel Arbitration [Docket No. 68] is GRANTED.

---

[1]    In its Notice of Removal, Verizon Wireless (VAW) asserted that it was incorrectly sued as the Verizon entities that appear in the caption.  It did not seek to correct the alleged misnomer.

2

3.    As to Verizon Wireless (VAW), Count III of the Complaint is
DISMISSED WITH PREJUDICE insofar as Plaintiff alleges that Verizon
Wireless (VAW) failed to replace his telephones; Count III is otherwise
DISMISSED WITHOUT PREJUDICE; and the remaining counts of the
Complaint are DISMISSED WITH PREJUDICE.

4.    Plaintiff and Verizon Wireless (VAW) shall arbitrate the part of Count III that
was dismissed without prejudice in the manner provided in the agreement
between them.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 30, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge